◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. EDWARD S. (ANONYMOUS), Appellant.—Appeal by defendant (1) from a judgment of the Supreme Court, Queens County, rendered May 22, 1973, adjudicating him a youthful offender, upon his guilty plea, and imposing a sentence of a reformatory period of imprisonment, and (2) by permission, from two orders of the same court, dated October 18, 1973 and January 18, 1974, respectively, which denied his motions, made pursuant to CPL article 440, to vacate the judgment and set aside the sentence. Orders affirmed. Judgment modified, as a matter of discretion in the interest of justice, by reducing it to a period of probation, and case remanded to Criminal Term to fix the period and conditions of probation. In our opinion, defendant should have been sentenced to a period of probation. Cohalan, Christ, Brennan and Benjamin, JJ., concur; Martuscello, Acting P. J., concurs in the affirmance of the orders, but otherwise dissents and votes to affirm the judgment and the reformatory sentence imposed.

◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CHRISTOPHER R. SIMPSON, Appellant.—Appeal by defendant from a judgment of the County Court, Nassau County, rendered April 2, 1974, convicting him of criminal possession of a dangerous drug in the third degree (two counts), upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. No determination has been made with respect to the facts. The trial court erred in its failure to require disclosure of the identity of a police informant. A police officer testified that he, in the company of the informant, went to an apartment where he arranged to purchase a large quantity of marijuana from defendant. Another person, one Tintle, was arrested in another room of the apartment. Defendant testified that he had been in the apartment, but was there to purchase marijuana from Tintle who, like defendant, wore a beard. He saw the police officer and another man in the apartment, but did not offer to sell them marijuana; nor did he possess marijuana in the apartment. The prosecution's privilege to withhold disclosure of the identity of an informant must give way "where the disclosure of an informer's identity * * * is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause." (*Roviaro* v. *United States*, 353 U. S. 53, 60–61). In this case, a closely contested fact issue was presented as to whether the seller had been Tintle or defendant. Under these circumstances, the failure to order disclosure was erroneous and requires that a new trial be ordered (see *People* v. *Goggins*, 34 N Y 2d 163). Cohalan, Acting P. J., Brennan, Benjamin, Munder and Shapiro, JJ., concur,